UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| IAN-CHANEL DAVIS PAYNE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-1216 |
| SIGNET JEWELERS, | ) |
| Defendant. | ) |

# ORDER

Ian-Chanel Davis Payne, a resident of Smyrna, Tennessee, has filed a pro se, in forma pauperis complaint alleging claims of discrimination, hostile work environment, and retaliation against her former employer, Signet Jewelers of Akron, Ohio. (Doc. No. 1).

## I. INITIAL SCREENING STANDARD

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards

1

than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. ALLEGED FACTS

The complaint alleges that, while employed by Defendant, Plaintiff "was subjected to ill treatment and discriminatory actions" and "bullied and retaliated against for filing a federal complaint." (Doc. No. 1 at 4). As relief, Plaintiff seeks $225,000 as well as punitive damages and court fees. (Id.)

## III. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against her former employer. (Doc. No. 1).

Title VII, 42 U.S.C. § 2000(e)-2, proscribes certain discriminatory employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission (EEOC) or corresponding state agency. Amini v. Oberlin Coll., 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731-32 (6th Cir. 2006) (citing Parsons v. Yellow Freight Sys., Inc., 741 F.2d 871, 873 (6th Cir. 1984)). A plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has 90 days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e–5(f)(1). Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC

and (2) receiving and acting upon a statutory right-to-sue notice. Granderson v. Univ. of Mich., 211 F. App'x 398, 400 (6th Cir. 2006) (citing Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989)).

The Court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B). The complaint does not allege that Plaintiff has filed a charge of discrimination with the EEOC or the corresponding state agency. Neither does the complaint state whether Plaintiff has received a right-to-sue letter. No right-to-sue letter is attached to the complaint.

Because the Court was unable to determine whether Plaintiff has filed a charge with the EEOC or corresponding state agency within 180 days after the alleged unlawful employment practice and whether Plaintiff filed this action within 90 days of receiving a right-to-sue letter, the Court directed Plaintiff to file, no later than December 15, 2023, a copy of the right-to-sue letter issued to her by either the EEOC or the corresponding state agency. (Doc. No. 4). The Court warned Plaintiff that, should she fail to comply with the Court's Order within the time frame specified, any limitations period applicable to this action will no longer be tolled, and the case may be dismissed. (Id. at 3). To date, Plaintiff has not responded to the Court's Order. In fact, the Court's mail to Plaintiff was returned on December 4, 2023, marked "Undeliverable." (Doc. No. 5).

Were this a situation where a plaintiff had pursued administrative relief and merely failed to allege that she had pursued administrative relief and/or failed to submit her right-to-sue letter, an amendment to the complaint to show that such relief was pursued prior to the filing of a complaint would be proper. However, Plaintiff has not alleged that she pursued such relief prior to filing this action even after having been specifically directed to do so by the Court. Furthermore, in her complaint Plaintiff does not mention having filed a charge with the EEOC or the

3

corresponding state agency. Under the circumstances, the Court finds that the appropriate course of action is to dismiss the case without prejudice for failure to exhaust administrative remedies.

## IV. CONCLUSION

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE